UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CATRINA GADALETA & MICHAEL GADALETA,

           *Plaintiffs*,

– against –

LOWE'S HOME CENTERS, LLC, *et al.*,

           *Defendants*.

**MEMORANDUM & ORDER**
23-cv-06291 (NCM) (LKE)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiffs Catrina and Michael Gadaleta bring this negligence action against Lowe's Home Centers, LLC ("Lowe's"), Autie Trucking LLC ("Autie Trucking"), and Raul Garcia. On August 21, 2023, Lowe's removed this action to federal court pursuant to the Court's diversity jurisdiction. *See* Notice of Removal, ECF No. 1. Before the Court is defendant Lowe's motion for summary judgment. *See generally* Mot.[1] For the reasons stated below, defendant's motion is **GRANTED**.

## BACKGROUND[2]

Lowe's is a North Carolina limited liability company that sells large appliances such as gas stoves and washing machines. *See* Def.'s Loc. Rule 56.1 Statement ("56.1") ¶ 1, ECF

---

[1] The Court hereinafter refers to the Memorandum of Law of Defendant Lowe's in Support of Motion for Summary Judgment, ECF No. 46, as the "Motion"; and plaintiff's Memorandum of Law in Opposition, ECF No. 47, as the "Opposition."

[2] The following facts, drawn from the parties' Local Civil Rule 56.1 Statements and evidentiary submissions, are undisputed unless otherwise noted. The Court notes that most of plaintiffs' responses to defendant's 56.1 Statement take the form of plaintiffs "den[ying] knowledge and information to form a belief of the allegations contained" in

1

No. 46-1; *see also* Decl. of Raymond Aponte ("Aponte Decl.") ¶ 3, ECF No. 46-13. Lowe's arranges for the delivery and installation of appliances to customers through its independent contractor, non-party XPO Last Mile, Inc. ("XPO"). Resp. to Lowe's Loc. R. 56.1 Statement ("Counter 56.1") ¶ 14, ECF No. 47-1; Aponte Decl. ¶ 3. XPO, in turn, arranges for the delivery of Lowe's appliances using the services of subcontractors, including defendant Autie Trucking. Counter 56.1 ¶¶ 14, 17. The arrangement between Lowe's and XPO is governed by a written Master Professional Services Agreement, which provides that XPO "shall act as an independent contractor." 56.1 ¶ 14; *see* Decl. of Jon Paul Anthony ("Anthony Decl.") Ex. A, ECF No. 46-7 ("MPSA"). Similarly, the arrangement between XPO and Autie Trucking is governed by a written Delivery Service Agreement which provides that Autie Trucking is engaged as a "contract carrier" providing services on a non-exclusive basis, and that the agreement "does not create an employer/employee relationship for any purpose." Anthony Decl. Ex. C at 4,[3] ECF No. 46-9 ("DSA").

---

the corresponding paragraph. *See* Counter 56.1 ¶¶ 1–5, 8–12, 14–15, 17–21, 23–27. However, "[i]t is well-settled in our district that responses such as 'deny knowledge or information sufficient to respond to the allegations in this paragraph' do not suffice to specifically controvert an opposing party's statement of fact." *Hormel Foods Sales, LLC v. Ship Slide Food Serv., Inc.*, No. 16-cv-01595, 2017 WL 9732058, at *1 n.1 (E.D.N.Y. Sept. 29, 2017); *see also Klein v. City & Cnty. Paving Corp.*, No. 16-cv-02264, 2018 WL 4265885, at *2 n.2 (S.D.N.Y. Sept. 5, 2018) ("A counterstatement submitted pursuant to Local Rule 56.1 is not an answer or a response to requests for admission, and indeed, a response controverting any statement of material fact must be followed by citation to evidence which would be admissible.") (citing Loc. Civ. R. 56.1(d)). Accordingly, where defendant's statement of facts "have been met with this response, they are deemed undisputed." *Hormel*, 2017 WL 9732058, at *1 n.1; *see also Walker v. City of New York*, 63 F. Supp. 3d 301, 306 n.4 (E.D.N.Y. 2014), *aff'd* 621 F. App'x 74 (2d Cir. 2015) (summary order).

[3] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

On October 7, 2022, Lowe's sold a washing machine to a customer at its Staten Island location. Counter 56.1 ¶ 8. Lowe's conveyed the purchase information to XPO, who then assigned Autie Trucking to pick up the machine for delivery. Counter 56.1 ¶¶ 9–10. One of Autie Trucking's employees, defendant Raul Garcia, picked the machine up from the Lowe's store for delivery to the customer's home. *See* Counter 56.1 ¶¶ 5, 13; *see also* Aponte Decl. ¶ 5. During the delivery plaintiff Catrina Gadaleta—the customer's neighbor—alleges that she was struck by a dolly carrying the washing machine due to Mr. Garcia's negligence when he "recklessly trespassed" onto her property, thus causing personal injuries. *See* 56.1 ¶¶ 6, 13.

On June 30, 2023, plaintiff and her husband sued Lowe's and a "John Doe" deliveryman in connection with Catrina's injuries in New York State court. *See* Compl., ECF No. 1-2. Plaintiffs amended their complaint twice in state court, adding Autie Trucking as a defendant. *See* Am. Compl., ECF No. 1-3; *see also* Second Am. Compl., ECF No. 1-4. Lowe's removed the action to federal court shortly after plaintiffs filed their second amended complaint. *See* Notice of Removal. Plaintiffs filed a third amended complaint naming Mr. Garcia as a defendant on January 18, 2024. *See* Third Am. Compl. ("TAC"), ECF No. 20. Following completion of discovery, defendant Lowe's moved for summary judgment seeking to dismiss the TAC as against it. *See* Mot.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13

3

F.4th 247, 259 (2d Cir. 2021).[4] Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).

The movant "bears the initial burden of showing that there is no genuine dispute as to a material fact." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). Where the moving party meets their burden, the non-moving party must provide sufficient evidence establishing a genuine issue of material fact beyond "[t]he mere existence of a scintilla of evidence." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012). The Court need only consider admissible evidence, and is not obligated to conduct an independent review of the record to identify a factual dispute. *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 340 (E.D.N.Y. 2021).

## DISCUSSION

Defendant moves for summary judgment in its favor on a single ground: the independent contractor defense. Mot. 6–11. Defendant argues that it cannot be held liable under New York law for the acts of a worker retained as an independent contractor. *See* Mot. 6. And here, defendant contends that "[t]he undisputed evidence demonstrates that XPO Last Mile was an independent contractor to Lowe's, and Autie Trucking was an independent contractor to XPO Last Mile." Mot. 11. Specifically, defendant asserts that it exercised no control over the "means and methods of the performance" of XPO's work, including a total lack of involvement in XPO's selection, assignment, and training of its subcontractors. Mot. 8. Moreover, defendant contends that XPO and Autie Trucking had an independent contractor relationship, including because "Autie Trucking had exclusive

---

[4] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

4

direction and control over its employees." Mot. 9; *see also* Mot. 10. Thus, according to defendant, it "cannot be held liable for the alleged negligence of Autie Trucking or its employees, and is entitled to summary judgment dismissing the complaint as a matter of law[.]" Mot. 11.

Plaintiffs respond by arguing that there is a "question of fact as to whether Lowe's may be held liable for the actions of Autie's employee[s]." Opp'n 4, 7–8. First, plaintiffs argue that defendant may have "had the right [of] control over how Mr. Garcia conduct[ed] his work since Lowe's displays safety and delivery instructions in the warehouse where the washing machine was picked up for delivery." Opp'n 4. Second, plaintiffs argue, without citing to any record evidence or providing further explanation, that "Auties' response to Lowe's [n]otice to [a]dmit creates a question of fact." Mot. 4, 8. The Court begins by discussing the independent contractor defense under New York law before turning to the parties' arguments.

## I.    Independent Contractor Defense

As a general rule, employers are not liable for the negligent acts of workers retained as independent contractors (rather than employees). *Palmer v. City of Yonkers*, 22 F. Supp. 2d 283, 287 (S.D.N.Y. 1998) (citing *Kleeman v. Rheingold*, 81 N.Y.2d 270, 273 (1993)); *see also Util. Metal Rsch., Inc. v. Coleman*, No. 03-cv-01463, 2008 WL 850456, at *10 (E.D.N.Y. Mar. 28, 2008) (collecting cases). Under New York law, the "critical factor" in distinguishing independent contractors from employees for purposes of tort liability is whether the putative employer controls the "method and means by which work is to be performed." *Kavulak v. Laimis Juodzevicius, A.V. Inc.*, 994 F. Supp. 2d 337, 345 (W.D.N.Y. 2014) (quoting *Melbourne v. N.Y. Life Ins. Co.*, 707 N.Y.S.2d 64, 66 (1st Dep't 2000)); *see also Tartaglione v. Shaw's Express, Inc.*, 790 F. Supp. 438, 441 (S.D.N.Y.

5

1992) ("[A]n independent contractor is one who . . . is not subject to the control of the person with whom he has contracted, except as to the result of his work."). In making this assessment courts look to whether a worker: "(1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule." *Bynog v. Cipriani Grp.*, 1 N.Y.3d 193, 198 (2003); *see also Nachman v. Koureichi*, 85 N.Y.S.3d 185, 820 (2d Dep't 2018). Although this analysis often involves questions of fact, "where the evidence presents no conflict, the matter may properly be determined by a court as a matter of law." *Kavulak*, 994 F. Supp. 2d at 345.

Moreover, "[i]ncidental control over the results produced without further indicia of control over the means employed to achieve the results" does not amount to "substantial evidence of an employer-employee relationship." *D.S. v. Positive Behav. Support Consulting & Psych. Res., P.C.*, 151 N.Y.S.3d 690, 693 (2d Dep't 2021); *see also Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590, 598 (E.D.N.Y. 2012). In other words, "the mere retention of general supervisory powers over an independent contractor does not create an employment relationship." *Rose v. Nw. Mut. Life Ins. Co.*, 220 F. Supp. 3d 363, 373–74 (E.D.N.Y. 2016) (quoting *Goodwin v. Comcast Corp.*, 840 N.Y.S.2d 781, 782 (1st Dep't 2007)). Of particular importance here, "the fact that a defendant controlled the location where the cargo was picked up and delivered" is not determinative of an employer-employee relationship because "such control involves only the result of the work and not the manner in which it is undertaken." *Kavulak*, 994 F. Supp. 2d at 345–46 (collecting cases). Accordingly, courts have concluded that carriers that "furnish[] [their] own truck, set[] [their] own route, [are] paid by the job, and may take on work from other clients [are] properly found to be . . . independent contractor[s] as a matter of law." *Id.* at

6

346. Thus, in the absence of evidence that the employer "has some control over the carrier's employees and the manner in which they perform their duties[,] there is no basis to suppose the existence" of an employer-employee relationship. *Id.* (collecting cases).

## II. Application

Defendant presents sufficient evidence to demonstrate that, as a matter of law, Mr. Garcia was an independent contractor and not one of Lowe's employees. At the outset, the contractual arrangement between the various entities supports the conclusion that Autie Trucking workers were not Lowe's employees. XPO is one of defendant's independent contractors responsible for "arrang[ing] through its subcontractors for the delivery of large products to Lowe's customers." 56.1 ¶ 14. Autie Trucking is one of said subcontractors. *See* Counter 56.1 ¶ 10. The relationship between (i) defendant and XPO; and (ii) XPO and Autie Trucking, are both governed by contractual service agreements which specifically provide that XPO and Autie Trucking shall operate as independent contractors in both arrangements, respectively. *See* MSA 28; *see also* DSA 4–5. In fact, the DSA expressly sets forth that the agreement between XPO and Autie Trucking "is strictly between two independent entities and does not create an employer/employee relationship for any purpose." DSA 4. Together, the contractual agreements between the various entities indicate that Autie Trucking and its deliverymen, including Mr. Garcia, were not Lowe's employees. *See Araneo v. Town Bd. for Town of Clarkstown*, 865 N.Y.S.2d 281, 283–84 (2d Dep't 2008) (explaining that, when determining whether a worker is an employee or independent contractor, "[t]he fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive"); *accord Tagare v. Nynex Network Sys. Co.*, 994 F. Supp. 149, 154–55 (S.D.N.Y. 1997) ("[A]lthough an individual's employment status is not determined solely

7

by the label used in the hiring contract, courts within the Second Circuit have considered contractual language as one factor among many in determining employment status.").

Moreover, pursuant to its service agreement with XPO, Autie Trucking retained "sole control over the manner and means" of carrying out its delivery obligations. DSA 4; *see also* Anthony Decl. ¶ 10 ("XPO Last Mile, Inc., exercised no control over the means and methods of the work by Autie Trucking LLC or its employees."). Indeed, the DSA makes clear that "[t]he manner and means" of Autie Trucking's delivery and installation services "are entirely within the discretion" of Autie Trucking. DSA 2. This included "complete and exclusive direction and control over its employees and all those working for it in any capacity." DSA 6. Autie Trucking had full and sole responsibility for screening, qualifying, and paying its employees. DSA 6; *see also* Anthony Decl. ¶ 10. Consistent with this exclusive responsibility, "no officer, agent, or employee of XPO" possessed "the authority to prescribe hours of work, what route [Autie Trucking] [wa]s to follow, or other details of service." DSA 4. Autie Trucking provided its own vehicles to perform delivery services. *See* DSA 3. And Autie Trucking's delivery services were provided on a non-exclusive basis, permitting it to "enter into other agreements for similar services with other parties[.]" DSA 14. This evidence plainly demonstrates that Autie Trucking and its employees were independent contractors as a matter of law. *See Kavulak*, 994 F. Supp. 2d at 345–46.

And the relationship between defendant and Autie Trucking is even further removed than the relationship between Autie Trucking and XPO. For one, "Lowe's did not involve itself" with XPO's contracting of subcontractors, nor did Lowe's "interfere" with XPO's "assignments of work to be performed by the subcontractors," including Autie Trucking. *See* Anthony Decl. ¶ 9. Autie Trucking's sole owner testified that his "primary

8

communication" was with XPO, not defendant. Decl. of John C. Lane Ex. 3 ("Autie Tr.") at 7:10–12, ECF No. 46-5. Similarly, Autie Trucking received payment from XPO, not Lowe's. *See* Autie Tr. 15:6–12. Defendant did not select or hire Autie Trucking's employees, and "Lowe's ha[d] no involvement in the selection by Autie Trucking of its employees who actually perform[ed] the delivery and installation service." Aponte Decl. ¶ 4; *see* Autie Tr. 11:17–25; *see also Holick v. Cellular Sales of N.Y., LLC*, No. 12-cv-00584, 2019 WL 1877176, at *6 (N.D.N.Y. Apr. 26, 2019) ("The hiring of other workers or subcontractors indicates independent contractor status.").

In addition to the contract language labelling the relationships amongst Lowe's, XPO, and Autie Trucking, defendant presents evidence demonstrating that it did not control the method and means by which Autie Trucking employees worked. For instance, Mr. Garcia "is an employee of Autie Trucking, LLC." 56.1 ¶ 5. Mr. Garcia applied for a job at Autie Trucking. 56.1 ¶ 24; Autie Tr. 12:2–7. Autie Trucking subsequently screened and hired Mr. Garcia. *See* Autie Tr. 12:8—13:8. Mr. Garcia "work[ed] for Autie Trucking" for approximately one year prior to the October 7, 2022 incident. Autie Tr. 13:9–15. Lowe's did not provide Mr. Garcia with safety training, nor did it otherwise give Mr. Garcia directives about deliveries. Autie Tr. 11:20–25. And Lowe's did not pay Mr. Garcia's wages. *See* 56.1 ¶ 27; *see also* Autie Tr. 13:11–12, 15:11–12; Anthony Decl. ¶ 10. Thus, while Mr. Garcia may have been Autie Trucking's employee, he was not defendant's employee. *See Refined Sugars, Inc. v. Loc. 807 Labor-Mgmt. Pension Fund*, 632 F. Supp. 630, 633 (S.D.N.Y. 1986) ("A company which hires an independent contractor is presumed not to be the employer of the independent contractor's employees."); *accord Drivers & Chauffeurs Loc. Union No. 816, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. NLRB*, 292 F.2d 329, 331 (2d Cir. 1961).

9

Together, this evidence satisfies defendant's burden of demonstrating that it did not control the "methods and means" by which Autie Trucking employees, including Mr. Garcia, completed their work. *See Kavulak*, 994 F. Supp. 2d at 345–47; *see also Tartaglione*, 790 F. Supp. at 441 (concluding on summary judgment that workers were independent contractors where the plaintiff did not "present[] sufficient evidence that [the defendant] exercised control over the manner" in which the workers transported the cargo); *Rokicki v. 24 Hour Courier Serv., Inc.*, 744 N.Y.S.2d 41, 42 (2d Dep't 2002) (finding evidence that delivery worker "owned his own bicycle, used his own judgment on when and how he made deliveries . . . and was free to make deliveries for other companies" met defendant's prima facie burden of demonstrating that the worker was an independent contractor).

In lieu of rebutting defendant's evidentiary showing, plaintiffs instead argue that summary judgment is not warranted due to issues of fact. First, plaintiffs argue that because "Lowe's displays safety and delivery instructions in the warehouse where the washing machine was picked up for delivery[,]" there is an issue of fact over whether defendant "had the right [of] control over how Mr. Garcia conduct[ed] his work[.]" Opp'n 4. Second, plaintiffs assert that Autie Trucking "failed to admit" in its response to defendant's notice to admit "that [p]laintiff's claims arise out of services performed by Autie pursuant to and in connection with" the DSA and, by failing to do so, created an issue of fact as to defendant's control. Opp'n 5–6. Neither argument has merit.

### A. *Posters in Warehouse*

Plaintiffs' argument that safety and delivery instructions posted in the warehouse where Mr. Garcia picked up the washing machine raises a factual dispute as to Lowe's control fails for numerous reasons. For one, as defendant points out, plaintiffs fail to

10

properly authenticate the "posters" they submitted in connection with their Opposition. *See* Reply Decl. of John Lane ¶ 8, ECF No. 48. In response to plaintiffs' discovery demands, Autie Trucking produced documents which plaintiffs characterize as safety and delivery instructions posted in Lowe's warehouses. It is these documents that plaintiffs submit as an exhibit. *See* Pls.' 56.1 Counter Statement Ex. B ("Safety Posters"), ECF No. 47-4. But plaintiffs neither supply the discovery demand itself, nor produce an affidavit of someone with firsthand knowledge that the exhibits are in fact what plaintiffs offer them to be, i.e., safety and delivery instructions posted in defendant's warehouse. *See generally* Safety Posters; *see also* Reply Decl. of John Lane ¶ 8 ("After a blank page there are six pages purportedly provided in litigation by Autie in response to plaintiffs' demand. There is no further authentication."). In light of the lack of proper authentication, plaintiffs fail to carry their burden of establishing a genuine dispute of material fact at the summary judgment stage. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) ("A submission in opposition to (or in support of) summary judgment need be considered only to the extent that it would have been admissible at trial."); *see also White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 624 (S.D.N.Y. 2006) ("A non-movant may not avoid summary judgment by proffering documents that are not in admissible form.") (collecting cases); *Stepheny v. Brooklyn Hebrew Sch. for Special Child.*, 356 F. Supp. 2d 248, 258 (E.D.N.Y. 2005) ("[T]here is nothing in [the plaintiff's counsel's] affirmation which reflects that he has any personal knowledge of the documents he seeks to introduce into evidence. Therefore, the Court is precluded from considering these documents.") (citing *H. Sand & Co. v. Airtemp Co.*, 934 F.2d 450, 454–55 (2d Cir 1991)).

Even if the Court were to consider these documents, the safety and delivery instructions do not—as defendant explains through the evidence it submitted in

11

connection with its Motion—"demonstrate[] any control by Lowe's over the activities of XPO Last Mile, Autie Trucking, or Autie's employees." Reply Decl. of John Lane ¶ 8. For one, some of the pages submitted by plaintiffs aren't Lowe's documents at all—they're XPO documents. *See* Safety Posters 5–7; *see also* Reply Decl. of Raymond Aponte ¶ 4, ECF No. 48-2. As to the remaining pages, those documents were directed at Lowe's warehouse employees and customers, not to delivery drivers. *See* Reply Decl. of Raymond Aponte ¶ 3 ("The first page is one of several posters . . . directed to Lowe's employees also called '[a]ssociates,' and are posted in Lowe's stores and warehouses . . . ."), ¶ 5 ("Pages 5 and 6 . . . [are] given to the Lowe's customer who is to receive an appliance delivery. . . . This page advises the customer what services are included with the delivery, and what is not included."). Aside from contentions in their Opposition, Opp'n 4, 7, plaintiffs fail to rebut defendant's evidence with evidence of their own, and therefore fail to raise an issue of fact. *See Harewood v. N.Y.C. Dep't of Educ.*, No. 18-cv-05487, 2021 WL 673476, at *12 (S.D.N.Y. Feb. 22, 2021) ("[A]ssertions without evidence are an inadequate basis to raise a triable issue of fact.").

Moreover, even if the posters did contain safety and delivery instructions aimed at delivery drivers, this argument still fails because "the mere retention of general supervisory powers over an independent contractor" does not amount to control over the method and means of how the contractor works. *Rose*, 220 F. Supp. 3d at 373. Indeed, "[p]ractically every contract for work to be done reserves to the employer a certain degree of control" to see that the work is "performed to specifications." *Murphy v. Guilford Mills, Inc.*, No. 02-cv-10105, 2005 WL 957333, at *5 (S.D.N.Y. Apr. 22, 2005); *see also McHale v. Metro. Life Ins. Co.*, 86 N.Y.S.3d 600, 603 (2d Dep't 2018) ("[T]he requirement that the work be done properly is a condition just as readily required of an independent

contractor as of an employee and not conclusive as to either[.]"). In other words, Mr. Garcia—who was hired, screened, supervised, and paid by Autie Trucking—did not transform from a Autie Trucking employee into a Lowe's employee simply by way of picking up a washing machine in defendant's warehouse. *See Siago v. Garbade Constr. Co.*, 701 N.Y.S.2d 538, 539 (4th Dep't 1999) ("The general authority . . . to coordinate subcontractors' work and to monitor work progress and safety conditions does not constitute supervision and control of the method and manner of [a] plaintiff's work."); *see also Kavulak*, 994 F. Supp. 2d at 345 (explaining that the fact that a "defendant control[s] the location where the cargo [is] picked up . . . involves only the result of the work and not the manner in which it is undertaken").

B. *Notice to Admit*

Plaintiffs also assert that Autie Trucking's "fail[ure] to admit" in its discovery responses to defendant's request for admissions "that [p]laintiff[s'] claims arise out of services performed by Autie pursuant to and in connection with [the] [DSA]," raises a "question of fact of whether [d]efendant Lowe's exerts control over the work performed by [d]efendant." Pls.' 56.1 Counter Statement ¶ 2, ECF No. 47-2. Plaintiffs specifically reference Lowe's thirteenth request for admission which states: "The claims asserted by plaintiffs, whether or not groundless, arise out of services performed by Autie Trucking LLC pursuant to and in connection with the [DSA]." Pls.' 56.1 Counter Statement Ex. A ("Notice to Admit") at 4, ECF No. 47-3. Autie Trucking's response to the request reads as follows: "These defendants object to the request to the extent it seeks admissions pertaining to legal conclusions." Notice to Admit 6.

This argument is without merit. Plaintiffs fail to explain why the forgoing response raises an issue of fact as to Lowe's control over Autie Trucking employees. *See* Opp'n 8.

13

To the extent plaintiffs suggest that Autie Trucking's response raises an issue of fact as to whether the delivery service was either (i) in fact performed by Autie Trucking; or (ii) performed pursuant to the DSA, this argument fails to move the needle because: (1) Autie Trucking's response simply objected to the request as seeking a legal conclusion—which itself is not evidence—it did not dispute the factual premise; (2) plaintiffs have not disputed that the delivery which allegedly injured Catrina was performed by Mr. Garcia, an Autie Trucking employee, *see* Counter 56.1 ¶¶ 5–6, 10, 13, 17; (3) defendant has produced ample evidence that Autie Trucking was engaged—and carried out the October 7, 2022 delivery—as a delivery subcontractor pursuant to the DSA, *see* Anthony Decl. ¶¶ 5–6, 10–12; and (4) plaintiffs adduce no *evidence* suggesting otherwise, *see Harewood*, 2021 WL 673476, at *12, *see also Dillon v. Metro. Life Ins. Co.*, 832 F. Supp. 2d 355, 361 (S.D.N.Y. 2011) ("[T]he party opposing summary judgment may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence in support of its factual assertions.") (quoting *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998)).

\* \* \*

In sum, the Court finds that no reasonable juror could conclude that Mr. Garcia was an employee of defendant. Therefore, because defendant cannot be held liable for the negligence of an independent contractor, defendant's motion for summary judgment must be granted.[5]

---

[5] Because Lowe's cannot be held liable to plaintiffs, its cross-claims against Mr. Garcia and Autie Trucking for contribution, common law indemnification, and contractual indemnification are moot, and are therefore dismissed. *See* Answer to TAC 8–9 ("Answer"), ECF No. 24; *see also Sentry Select Ins. Co. v. Brittany Prop. Mgmt., Inc.*, No. 05-cv-04829, 2006 WL 8461783, at *10 (S.D.N.Y. Oct. 23, 2006) ("Because I have

14

## CONCLUSION

For the reasons stated above, defendant Lowe's Home Centers, LLC's motion for summary judgment is GRANTED. Plaintiffs' claims against Lowe's are dismissed. Lowe's cross-claims against defendants Autie Trucking and Raul Garcia for contribution, common law indemnification, and contractual indemnification are dismissed as moot. By January 12, 2026, Lowe's is ORDERED TO SHOW CAUSE why its remaining cross-claim against Autie Trucking for breach of contract should not be dismissed as moot.

In accordance with the Court's Individual Practice Rule IV.A, the parties shall file a proposed joint pretrial order by February 4, 2026.

**SO ORDERED.**

  /s/ Natasha C. Merle  
NATASHA C. MERLE  
United States District Judge

Dated: January 5, 2026  
Brooklyn, New York

---

granted [the defendant's] [m]otion for [s]ummary [j]udgment against [the] [p]laintiff, and in so doing, have concluded that [the defendant] cannot be held liable to [the] [p]laintiff, I find that [the defendant's] cross-claim for indemnification and contribution is moot."). Lowe's also brings a cross-claim against Autie Trucking for breach of contract for Autie Trucking's alleged failure to provide contractually-mandated insurance coverage. Answer 9. However, defendant's motion does not address this cross-claim, and it does not specify in its answer whether the damages for the alleged breach stem from potential liability to plaintiffs in this action. *See generally* Mot., Answer. Accordingly, defendant Lowe's is ordered to show cause within seven (7) days why its cross-claim for breach of contract should not be dismissed as moot in light of this Order.

15